[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-16082

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 18, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-02425-CV-KAM

ULYSSES J. HUDSON,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF TREASURY,
JOHN SNOW as Secretary,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 18, 2005)

Before BIRCH, KRAVITCH and CUDAHY[*], Circuit Judges.

_____

[*]Honorable Richard Cudahy, Circuit Judge for the United States Court of Appeals for the
Seventh Circuit, sitting by designation.

PER CURIAM:

Ulysses Hudson, an employee of the United States Custom Service, filed this case in June of 2001 against his employer, the United States Department of Treasury,[1] claiming discrimination, retaliation, and a failure to make reasonable accommodations for his disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. Specifically, Hudson's amended complaint alleges eight counts against the government, they are:

(I) The government violated the Rehabilitation Act, 29 U.S.C. § 794(a) by removing Hudson from his previous duty station because his manager perceived or regarded him as having a disability, alcoholism.

(II) The government violated the Rehabilitation Act, 29 U.S.C. § 794(a) by removing Hudson from the America Counter-Smuggling Initiative ("ACSI"), because his manager perceived or regarded him as having a disability, depression. Hudson claims he was suffering from clinical depression due to race based disparate treatment in subsequent positions, and

2

[1]During the course of litigation, the United States Custom Service became part of the Department of Homeland Security under the direction of Thomas Ridge. Though parties note this in the style of their briefs, we will generally refer to the defendant as "the government" for clarity purposes.

that the government failed to make reasonable accommodations even though he was a qualified individual with a disability.

(III) The government violated the Rehabilitation Act, 29 U.S.C. § 794(a) by refusing to transfer Hudson to another available position for which he was qualified.

(IV) The government violated Title VII, 42 U.S.C. § 2000e-2(a) by not selecting Hudson for a position as Supervisory Import Specialist because of racial discrimination.

(V) The government violated Title VII, 42 U.S.C. § 2000e-2(a) by transferring Hudson from ACSI and taking subsequent adverse employment actions against him due to his race.

(VI) The government violated Title VII, 42 U.S.C. § 2000e-3(a) by denying him the transfer to Supervisory Import Specialist in retaliation for his filing of Equal Employment Opportunity ("EEO") Complaints.

(VII) The government violated Title VII, 42 U.S.C. § 2000e-3(a) by forcing

Hudson to resign as an EEO counselor and removing him from his assignment at the Blue Lightning Operations Center ("BLOC") in retaliation for filing his own EEO complaints and assisting others with their EEO complaints.

(VIII) The government violated Title VII, 42 U.S.C. § 2000e-2(a) by forcibly removing Hudson from the BLOC facility on racial grounds.

The district court granted summary judgment to the government on counts I, II, V, VII, and VIII. The district court denied summary judgment on counts III, IV, and VI, and those claims were tried before a jury. Following a five-day trial, the jury found in favor of the government on all remaining counts, and the district court subsequently denied Hudson's motion for a new trial on count III.

After reviewing the parties briefs, the record and oral argument, we find no discernible error in the district court's well-reasoned opinion regarding both the motion for summary judgment and motion for a new trial. Accordingly, we **AFFIRM** without opinion in accordance with 11th Circuit Rule 36-1.

4